**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-398-R** |
| | ) | **(CIV-26-1347-R)** |
| **MARLON DEWAYNE MARTIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant Marlon DeWayne Martin's pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 115, 117, 118] arguing that he received ineffective assistance of counsel in violation of the Sixth Amendment. The United States responded in opposition [Doc. No. 121] and Mr. Martin replied [Doc. No. 124]. For the reasons explained below, the Court finds that no hearing is needed, and the Motion should be denied on the existing record.

## RELEVANT BACKGROUND

The federal grand jury returned a four-count Indictment [Doc. No. 1] charging Mr. Martin with child sex trafficking, sexual exploitation of a child, distribution of child pornography, and possession of material containing child pornography. Attorney Kevin Krahl was appointed to represent Mr. Martin.

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

After initially entering a plea of not guilty to the charges, Mr. Martin indicated that he wanted to change his plea. The Court held a change of plea hearing where Mr. Martin entered a plea of guilty to Count 1 of the Indictment, which charged him with child sex trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c), and 18 U.S.C. § 1594(a). In exchange, the United States dismissed the remaining counts. In his Petition to Enter Plea of Guilty [Doc. No. 51], Mr. Martin indicated that his plea was made voluntarily, he discussed the plea agreement with his attorney and understood it, and he was pleading guilty because he was guilty.

At the outset of the change of plea hearing, the Court informed the parties that it had received a letter from someone claiming to be the victim in the case and provided the letter to counsel for review. *See* Hrg. Tr. dated Feb 7, 2026 [Doc. No. 66] at p. 3. After reviewing the letter, Mr. Krahl stated that he had also received it, he had provided it to the government, and that the defense was ready to proceed with the change of plea hearing. *Id.* In an affidavit included with the United States' response brief, Mr. Krahl states that he discussed the letter with Mr. Martin prior to the hearing and again briefly at the hearing, where Mr. Martin reviewed a copy of the letter. Resp. Br., Ex. 1 [Doc. No. 121-1] ¶¶ 16-21.

The change of plea hearing proceeded and, during the colloquy with the Court, Mr. Martin affirmed that he was voluntarily pleading guilty and was satisfied with the services of his attorney. Hrg. Tr. dated Feb 7, 2026 at p. 8, 10. To establish a factual basis for his plea, Mr. Martin stated that he was presented with a fake ID showing that the victim was 22, but he "should have been more aware and more conscious to what was going on." *Id.*

at p. 11. He further admitted that he had a reasonable opportunity to view the victim, he had previously been told the victim was under 18, he knowingly arranged commercial sex dates for the victim, and his use of cell phones to send text messages and use of a hotel are examples of the conduct affecting interstate commerce. *Id.* at pp. 12-14. The Court concluded that there was a sufficient factual basis for the plea and accepted Mr. Martin's plea of guilty as to Count 1. *Id.*

Approximately one month later, Mr. Martin filed a pro se letter [Doc. No. 58] requesting new counsel because he was insufficiently represented and not made aware of information regarding his case. Mr. Krahl filed a Motion to Withdraw [Doc. No. 59] stating that he met with Mr. Martin to discuss the letter and they were unable to resolve the issues. After holding a hearing at which Mr. Martin and Mr. Krahl both made statements, the Motion to Withdraw was denied [Doc. No. 63].

Not long after, Mr. Krahl, on behalf of Mr. Martin, filed a Motion to Withdraw Plea of Guilty [Doc. No. 69] contending that he was innocent, he did not have reasonable access to discovery, there were discrepancies related to how certain evidence was obtained, the lack of a "preliminary hearing" violated his due process rights, certain evidence should be suppressed, he received ineffective assistance of counsel, and his plea was not knowing and voluntary because he did not receive information regarding his sentencing guideline range. Mr. Krahl then filed a second Motion to Withdraw [Doc. No. 73] asserting that there was a breakdown in the attorney-client relationship. Mr. Krahl was permitted to withdraw [Doc. No. 75] and Michael Noland was appointed as Mr. Martin's new counsel [Doc. No. 77]. Mr. Martin, through Mr. Noland, requested that the Motion to Withdraw Plea of Guilty

be withdrawn [Doc. No. 87]. The Motion was stricken and the matter proceeded to sentencing.

Mr. Martin was sentenced to a 240-month term of imprisonment and judgment was entered. Mr. Martin filed an appeal challenging the substantive reasonableness of his sentence, which the Tenth Circuit dismissed after finding the appeal waiver contained in the plea agreement was enforceable. *See United States v. Martin*, No. 25-6132, 2026 WL 836450 (10th Cir. Mar. 26, 2026).

Mr. Martin now moves under 28 U.S.C. § 2255 to vacate his conviction and sentence. He contends that he received ineffective assistance of counsel because Mr. Krahl concealed evidence and manipulated him into entering a guilty plea. He also "suspects" that the probable cause affidavit did not include sufficient information to support his arrest and contends that he is actually innocent of the crimes charged.

**STANDARD**

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b).

When ineffective assistance of counsel is the basis of a § 2255 claim, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687

(1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*.

A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney. *Id*. at 687–88. In evaluating counsel's performance, courts should make "every effort…to eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

To establish the second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). In the context of a guilty plea, prejudice requires showing that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Importantly, this involves an objective component: "proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been *rational* under the circumstances.'" *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Thus,

> Defendant's mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether defendant would have proceeded to trial. Specifically, while defendant is not required to prove a reasonable

> probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors.

*United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (internal quotation marks, citation, and brackets omitted).

If a defendant cannot show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.

## DISCUSSION

### I. Ineffective Assistance of Counsel Claim

Mr. Martin's primary argument is that Mr. Krahl's performance was deficient because he concealed the letter from the victim and did not adequately investigate the case. The record belies any suggestion that Mr. Martin was unaware of the letter prior to entering his plea of guilty. At the change of plea of hearing, the Court stated that it had received a letter and gave the parties the opportunity to review the letter. During his plea colloquy, Mr. Martin stated that he was satisfied with the services of his attorney and he did not express any concern about not being able to review any evidence. These representations "carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In any event, even assuming for the sake of argument that Mr. Krahl did not adequately discuss the letter with Mr. Martin or failed to conduct a reasonable investigation, Mr. Martin cannot establish prejudice. As the government explains in its response, the case against Mr. Martin was strong. Without belaboring the point, there were

numerous text messages from Mr. Martin's phone to the victim's phone discussing commercial sex dates and the victim's age. Doc. No. 64, ¶¶ 16-22. There was evidence that Mr. Martin rented a motel room for a younger female, exchanged explicit videos with the victim, and phone numbers associated with him were attached to commercial sex ads. *Id.* Although Mr. Martin maintains that the victim had a fake ID showing her age as 22 and that other people had access to his phone, there was substantial evidence to support all the elements the government was required to prove.

Given this evidence, and the significant benefits he received in the plea agreement, including the dismissal of all but one of the charges, Mr. Martin has failed to demonstrate that it would have been rational under the circumstances to reject the plea agreement. Further, Defendant's claim that he would have proceeded to trial but for counsel's alleged errors is undermined by the fact that he declined to pursue the withdrawal his guilty plea even after new counsel was appointed. Mr. Martin has not met his burden to show that he was prejudiced by his counsel's alleged errors and this claim is therefore denied.

## II. Probable Cause Claim

In ground two, Mr. Martin asserts that he was "never shown the probable cause affidavit" and he is "suspicious as to whether there was sufficient information to warrant arrest." Doc. No. 115 at 4. Although not totally clear from his briefing, it appears that Mr. Martin is referring to his arrest by state authorities during the investigation. But this argument is barred because Mr. Martin could have, but did not, raise it on direct appeal, and he has not shown cause for this procedural default. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present an issue on direct appeal is

barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."); *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) ("Defendant pled guilty, he did not raise his claims of constitutional error at trial, nor did he do so on direct appeal from his sentence. His claims, therefore, are subject in the first instance to a procedural bar.").

Putting any procedural default aside, Mr. Martin's argument is not adequately developed. Mr. Martin does not identify the particular affidavit he is referring to and concedes that he has not reviewed it. Although he is critical of the manner in which state law enforcement officers interviewed the victim, he does not explain how these alleged issues undermine the lawfulness of his arrest in this case and his speculation about the contents of a probable cause affidavit does not support habeas relief. *See United States v. Salcido*, No. 22-2105, 2023 WL 5663246, at *3 (10th Cir. Sept. 1, 2023) (denying COA because the petitioner's "allegations of misconduct are too generalized and conclusory to support a claim"). This claim is therefore denied.

**III. Actual Innocence Claim**

Mr. Martin includes an argument that he is actually innocent of the crime charged. Mr. Martin's statements during the plea colloquy, which are entitled to a presumption of verity, contradict this assertion. But regardless, "actual innocence does not constitute a freestanding basis for habeas relief." *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019). And even if it were appropriate to consider this argument, Mr. Martin has not met the demanding standard for advancing such an argument, which requires "the petitioner to

establish, by a fair probability, that the trier of facts would have entertained a reasonable doubt of his guilt." *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) (quotation marks and brackets omitted). This claim is therefore denied.

**CONCLUSION**

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Further, because the record conclusively shows that Mr. Martin is entitled to no relief, an evidentiary hearing is not warranted. The standard for issuing a Certificate of Appealability is not met in this case and a Certificate of Appealability is therefore denied.

IT IS SO ORDERED this 26th day of October, 2026.

David L. Russell

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE